

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
September 27, 2023 05:08 PM
       PAVAN PARIKH
      Clerk of Courts
   Hamilton County, Ohio
   CONFIRMATION 1375203
```

**CHARLEY RAMIREZ**　　　　　　　　　　**A 2304141**

**vs.**

**GILLIGAN OIL SERVICES LLC**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 16**

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHARLEY RAMIREZ<br>104 Pattison Avenue<br>Morrow, Ohio 45152<br>               Plaintiff,<br><br>      v.<br><br>GILLIGAN OIL SERVICES, LLC<br>3805 Edwards Road, Suite 680<br>Cincinnati, Ohio 45209<br><br>   **Serve Also:**<br><br>GILLIGAN OIL SERVICES, LLC<br>c/o KMK Service Corp.<br>Registered Agent<br>One East Fourth Street, Suite 1400<br>Columbus, Ohio 43219<br><br>-and-<br><br>ASHLEY DAY<br>c/o GILLIGAN OIL SERVICES, LLC<br>3805 Edwards Road, Suite 680<br>Cincinnati, Ohio 45209<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Charley Ramirez, by and through undersigned counsel, as her Complaint against Defendant Gilligan Oil Services, LLC states and avers the following:

**PARTIES AND VENUE**

1. Charley Ramirez is a resident of the County of Warren, State of Ohio.

2. At all times herein, Ramirez was acting in the course and scope of her employment.

3. Defendant Gilligan Oil Services, LLC ("Gilligan Oil") is a domestic limited liability company that conducts business in the State of Ohio.

4. All of the material events alleged in this Complaint occurred in Warren County.

5. Gilligan Oil's principal place of business is at 3805 Edwards Road, Suite 680, Cincinnati, Ohio 45209.

6. Ashley Day is a resident of the State of Ohio.

7. At all times herein, Ashley Day was acting in the course and scope of her employment.

8. Ashley Day, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Gilligan Oil and who acted directly or indirectly in the interest of Gilligan Oil in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq*.

9. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. §2307.382(A)(1) and (4).

10. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), and/or (6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

12. Within 300 days of the adverse employment actions described herein, Ramirez filed a Charge of Discrimination against Gilligan Oil with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2023-00134. ("Ramirez EEOC Charge").

13. Ramirez dual filed the EEOC Charge with the Ohio Civil Rights Commission ("OCRC").

14. On or about July 12, 2023, the EEOC issued and mailed a Notice of Right to Sue letter to Ramirez regarding the Ramirez EEOC Charge.

15. Ramirez received the Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

16. Ramirez has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

17. Ramirez has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

18. Within two years of the conduct alleged below, Ramirez filed charges of disability discrimination and retaliation with the OCRC against Ashley Day (no Charge number yet assigned). ("OCRC Charge of Discrimination").

19. In accordance with R.C. § 4112.052(C)(2), the statute of limitations for filing claims under R.C. § 4112.01 *et seq.* is currently tolled during the period while Ramirez's Charge of Discrimination remains pending with the OCRC.

20. Ramirez intends to amend this Complaint to include claims against Ashley Day once the OCRC has issued its Right to Sue against Ashley Day.

21. Ramirez has properly exhausted her administrative remedies against Gilligan Oil pursuant to R.C. § 4112.052.

22. Ramirez is in the process of exhausting her administrative remedies against Ashley Day pursuant to R.C. § 4112.052.

## FACTS

23. Ramirez is a former employee of Gilligan Oil.

24. In or about February 2021, Ramirez began working for Gilligan Oil.

25. Gilligan Oil employed Ramirez as a Lead Cashier.

26. Gilligan Oil was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

3

27. At all times relevant herein, Ramirez was employed by Gilligan Oil for at least 12 months and had at least 1,250 hours of service with Masonite and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

28. At all times relevant herein, Ramirez was qualified for her position(s).

29. Ramirez was hired by manager Paula Day.

30. Paula Day is not disabled.

31. In early summer 2021, Ashley Day, Paula Day's daughter-in-law, became Ramirez's district manager.

32. Ashley Day is not disabled.

33. Ashley Day had frequent disagreements with Ramirez, which frequently caused Ramirez to get upset and exacerbated her Disabilities.

34. Ramriez felt physically sick to her stomach whenever she saw Ashley Day coming into her store.

35. Ramirez's coworkers told her that Ashley Day wanted to terminate Ramirez's employment.

36. In May 2022, Ramirez was diagnosed bipolar disorder, anxiety, and depression. (Ramirez's "Disabilities").

37. Ramirez's Disabilities are mental or psychological disorders, and specifically intellectual disabilities.

38. Ramirez's Disabilities are diseases.

39. Ramirez's Disabilities relate to an intellectual disability.

40. Ramirez's Disabilities are physical impairments.

41. Ramirez's Disabilities substantially limit one or more major life activities.

42. Ramirez has a record of her Disabilities.

4

43. As a result of Ramirez's Disabilities, Ramirez is and was considered disabled within the meaning of the ADA.

44. As a result of Ramirez's Disabilities, Ramirez is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

45. Ramirez disclosed Ramirez's Disabilities to Defendant.

46. In the alternative, Defendant perceived Ramirez as being disabled.

47. In the alternative, Defendant perceived that Ramirez's Disabilities constituted mental impairments.

48. In the alternative, Defendant perceived Ramirez's Disabilities to substantially impair one or more major life activities, including working.

49. Despite this actual or perceived disabling conditions, Ramirez was still able to perform the essential functions of Ramirez's job.

50. Ramirez informed Paula Day of her Disabilities.

51. On July 19, 2022, Ramirez was prescribed a new medication for her Disabilities.

52. Ramirez requested time off from Ashley Day to accommodate this shift in medication, as she would be unable to take her medication with her work schedule. ("FMLA Request").

53. The FMLA Request was also an attempt by Ramirez to engage in the interactive process of finding a reasonable accommodation. ("Accommodation Request").

54. Ramirez's accommodation request was initially approved by Gilligan Oil.

55. While Ramirez's Accommodation Request for time off was approved, her FMLA Request was not.

56. Defendant's failure to provide information regarding FMLA to Ramirez was interference with her FMLA rights. ("FMLA Interference").

57. Defendant's FMLA Interference aggravated Ramirez's Disabilities.

58. Defendant's FMLA Interference caused Ramirez to suffer depression, anxiety, and panic attacks.

59. Ramirez arranged for Zach Anderson to cover her shifts while she was adjusting to her new medication.

60. Anderson is not disabled.

61. Hope Lewis, acting-assistant general manager, informed Ramirez that she would not be able to authorize Anderson covering her shifts and that Ramirez would be counted as a no call, no show if she did not show up for her shift. ("Failure to Accommodate").

62. Lewis is not disabled.

63. The Failure to Accommodate was because of Ramirez's Disabilities.

64. The Failure to Accommodate was because of Ramirez's perceived Disabilities.

65. Ramirez complained to Lewis that she would be unable to take her medication if she came in to work a shift, and that the medication had been making her sick. ("Discrimination Complaint").

66. On July 21, 2022, Lewis called Ramirez before noon to ask for help to complete the morning paperwork.

67. Ramirez was not scheduled to work on July 21, 2022.

68. During the call, Lewis asked Ramirez if she took her medication that morning, causing Ramirez to immediately start crying.

69. Lewis clearly perceived Ramirez as disabled.

70. Ramirez was incredibly upset, which made her feel even more physically sick and exacerbated her Disabilities.

71. On or about July 21, 2022, Ashley Day informed Ramirez that her employment was terminated.

72. Defendants terminated Ramirez's employment on July 21, 2022. ("Termination of Employment").

73. Ramirez attempted to reach out to human resources and corporate regarding the Termination of Employment but received no response.

74. Defendant's stated basis for termination was Ramirez's insubordination. ("Stated Basis for Termination").

75. Defendant has a progressive disciplinary policy.

76. Defendant used a progressive disciplinary policy.

77. Defendant used a progressive disciplinary policy for employees who are not disabled.

78. Under the progressive disciplinary policy, Ramirez had not been given a verbal warning related to the Stated Basis for Termination.

79. Under the progressive disciplinary policy, Ramirez had not been given a written warning related to the Stated Basis for Termination.

80. Under the progressive disciplinary policy, Ramirez had not been given a final written warning related to the Stated Basis for Termination.

81. Under the progressive disciplinary policy, Ramirez had not been given a suspension related to the Stated Basis for Termination.

82. Prior to terminating Ramirez, Defendant never issued any written communication criticizing Ramirez for any reason related to the Stated Basis for Termination.

83. The Stated Basis for Termination has no basis in fact.

84. The Stated Basis for Termination did not actually motivate Defendant's decision to terminate Ramirez.

85. The Stated Basis for Termination was insufficient to motivate the termination of Ramirez.

86. The Stated Basis for Termination was pretext to terminate Ramirez.

87. Defendant did not terminate similarly situated employees for reasons like the Stated Basis for Termination.

88. Defendant's termination of Ramirez's employment was retaliation for the Accommodation Request.

89. Defendant terminated Ramirez's employment because of Ramirez's disabilities.

90. By terminating Ramirez's employment, Defendant made it less likely for a reasonable employee to request an accommodation.

91. The Termination of Employment constitutes retaliation.

92. The Termination of Employment constitutes disability discrimination.

93. Defendant knowing skipped progressive disciplinary steps in terminating Ramirez's employment.

94. Defendant knowingly terminated Ramirez's employment.

95. Defendant knowingly took adverse employment actions against Ramirez.

96. Defendant knowingly took adverse actions against Ramirez.

97. Defendant intentionally skipped progressive disciplinary steps in terminating Ramirez.

98. Defendant intentionally terminated Ramirez's employment.

99. Defendant intentionally took adverse employment actions against Ramirez.

100. Defendant intentionally took adverse actions against Ramirez.

101. Defendant knew that skipping progressive disciplinary steps in terminating Ramirez would cause Ramirez harm, including economic harm.

102. Defendant knew that terminating Ramirez would cause Ramirez harm, including economic harm.

103. Defendant willfully skipped progressive disciplinary steps in terminating Ramirez.

104. Defendant willfully terminated Ramirez's employment.

105. There was a causal connection between Ramirez's disabilities and the Termination of Employment.

106. There was a causal connection between Ramirez's accommodation request and the Termination of Employment.

107. As a result of Defendant's unlawful acts, Ramirez has suffered, and will continue to suffer, pecuniary harm.

108. As a result of Defendant's unlawful acts, Ramirez has suffered, and will continue to suffer, emotional distress.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

109. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

110. Defendant treated Ramirez differently than other similarly situated employees based on her disabling condition.

111. Defendant treated Ramirez differently than other similarly situated employees based on her perceived disabling condition.

112. On or about July 21, 2022, Defendant terminated Ramirez's employment without just cause.

113. Defendant terminated Ramirez's employment based on her disability.

9

114. Defendant terminated Ramirez's employment based on her perceived disability.

115. Defendant violated R.C. § 4112.02 when it discharged Ramirez based on her disability.

116. Defendant violated R.C. § 4112.02 when it discharged Ramirez based on her perceived disability.

117. Defendant violated R.C. § 4112.02 by discriminating against Ramirez based on her disabling condition.

118. Defendant violated R.C. § 4112.02 by discriminating against Ramirez based on her perceived disabling condition.

119. As a direct and proximate result of Defendant's conduct, Ramirez suffered and will continue to suffer damages.

## COUNT II: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

120. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

121. Ramirez informed Defendant of her disabling condition.

122. Ramirez requested accommodations from Defendant to assist with her disabilities including time off while she was adjusting to new medication.

123. Ramirez's requested accommodations were reasonable.

124. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

125. Defendant failed to engage in the interactive process of determining whether Ramirez needed an accommodation.

126. Defendant failed to provide an accommodation.

127. Defendant violated R.C. § 4112.02 by failing to provide Ramirez a reasonable accommodation.

128. As a direct and proximate result of Defendant's conduct, Ramirez suffered and will continue to suffer damages.

### COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

129. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

130. Defendant treated Ramirez differently than other similarly situated employees based on her disabling condition.

131. Defendant treated Ramirez differently than other similarly situated employees based on her perceived disabling condition.

132. On or about July 21, 2022, Defendant terminated Ramirez's employment without just cause.

133. Defendant terminated Ramirez's employment based on her disability.

134. Defendant terminated Ramirez's employment based on her perceived disability.

135. Defendant violated the ADA when it discharged Ramirez based on her disability.

136. Defendant violated the ADA when it discharged Ramirez based on her perceived disability.

137. Defendant violated the ADA by discriminating against Ramirez based on her disabling condition.

138. Defendant violated the ADA by discriminating against Ramirez based on her perceived disabling condition.

139. As a direct and proximate result of Defendant's conduct, Ramirez suffered and will continue to suffer damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER THE ADA

140. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

141. Ramirez informed Defendant of her disabling condition.

142. Ramirez requested accommodations from Defendant to assist with her disabilities including time off while she was adjusting to new medication.

143. Ramirez's requested accommodations were reasonable.

144. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

145. Defendant failed to engage in the interactive process of determining whether Ramirez needed an accommodation.

146. Defendant failed to provide an accommodation.

147. Defendant violated the ADA by failing to provide Ramirez a reasonable accommodation.

148. As a direct and proximate result of Defendant's conduct, Ramirez suffered and will continue to suffer damages.

## COUNT V: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

149. Ramirez restates each and every prior paragraph of this complaint, as if it were fully restated herein.

150. As a result of the Defendant's discriminatory conduct described above, Ramirez complained about the perceived disability discrimination Ramirez was experiencing.

151. As a direct and proximate result to Ramirez's reporting of unlawful discrimination to Defendant, Defendant took adverse employment actions against Ramirez.

12

152. As a direct and proximate result to Ramirez's reporting of unlawful discrimination to Defendant, Defendant took adverse actions against Ramirez.

153. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

154. As a direct and proximate result of Defendant's retaliatory conduct against and termination of Ramirez, Ramirez suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

155. In retaliating against Ramirez, Defendant acted with malice or reckless indifference to the rights of Ramirez, thereby entitling Ramirez to an award of punitive damages.

## COUNT VI: RETALIATION IN VIOLATION OF THE ADA

156. Ramirez restates each and every prior paragraph of this complaint, as if it were fully restated herein.

157. As a result of the Defendant's discriminatory conduct described above, Ramirez complained about the perceived disability discrimination Ramirez was experiencing.

158. As a direct and proximate result to Ramirez's reporting of unlawful discrimination to Defendant, Defendant took adverse employment actions against Ramirez.

159. As a direct and proximate result to Ramirez's reporting of unlawful discrimination to Defendant, Defendant took adverse actions against Ramirez.

160. Pursuant to the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

13

161. As a direct and proximate result of Defendant's retaliatory conduct against and termination of Ramirez, Ramirez suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

162. In retaliating against Ramirez, Defendant acted with malice or reckless indifference to the rights of Ramirez, thereby entitling Ramirez to an award of punitive damages.

### COUNT VII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

163. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

164. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

165. Defendant is a covered employer under FMLA.

166. During her employment, Ramirez qualified for FMLA leave.

167. During her employment, Ramirez requested FMLA leave by asking Defendant for medical leave based on her new medication and treatment.

168. Defendant unlawfully interfered with Ramirez's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

169. Defendant violated section 825.300(c)(1) of FMLA and interfered with Ramirez's FMLA rights when Defendant did not provide Ramirez with FMLA leave.

170. As a direct and proximate result of Defendant's conduct, Ramirez is entitled to all damages provided for in 29 U.S.C. § 2617.

### DEMAND FOR RELIEF

WHEREFORE, Ramirez demands from Defendants the following:

(a) Issue a permanent injunction:

14

(i) Requiring Gilligan Oil to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Ramirez for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Ramirez claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Evan R. McFarland*
Evan R. McFarland (0096953)
Trisha Breedlove (0095852)
    Trial Attorney
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:   (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: evan.mcfarland@spitzlawfirm.com

*Attorney for Plaintiff Charley Ramirez*

## JURY DEMAND

Plaintiff Charley Ramirez demands a trial by jury by the maximum number of jurors permitted.

*/s/ Evan R. McFarland*
Evan R. McFarland (0096953)
**SPITZ, THE EMPLOYEE'S LAW FIRM**